IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| CONSTANCE DOURIS | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CA # |
| | ) |
| DELOITTE, LLP | ) |
| SHORT-TERM DISABILITY PLAN | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT FOR
## DISABILITY BENEFITS UNDER ERISA

### JURISDICTION AND VENUE

1. Plaintiff's claim against Defendant is filed pursuant to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et. seq.* (herein "ERISA").

2. Plaintiff seeks an Order that clarifies a plan beneficiary's rights to past and future benefits under the terms of an employee welfare plan. Specifically, the Plaintiff seeks: (a) a declaration and enforcement of rights under the short-term disability insurance policies at issue and/or the employee benefit plan (which is an "employee welfare benefit plan" as defined by ERISA), (b) the payment of all back benefits due with pre-judgment and post-judgment interest, (c) the enforcement of rights under the short-term disability insurance policy and/or the employee benefits plan pursuant to 29 U.S.C. § 1132(a)(1)(B) and (a)(3), and (d) an award of attorney's fees and costs.

3. Venue and jurisdiction are proper pursuant to 29 U.S.C. § 1132(f).

## PARTIES

4. Plaintiff is a current employee of Deloitte, LLP ("Employer"). While employed there, and while covered by the Group Short-Term Disability Plan for employees of The Employer, Plaintiff became disabled as that term is defined by The Plan.

5. The Deloitte, LLP Short-Term Disability Insurance Plan ("The Plan") is an employee welfare benefit plan established under ERISA.

6. Deloitte, LLP is the Plan Administrator of the Plan.

7. The Plan Administrator is responsible for the actions of each of its fiduciaries and "deemed fiduciaries."

8. The Metropolitan Life Insurance Company ("MetLife") was contracted by the Plan Administrator to act as the "Claims Review Fiduciary" for the Plan.

## THE EMPLOYEE WELFARE BENEFIT PLAN

9. At all times relevant Plaintiff was employed by the Employer and was a plan participant in the Plan established by The Employer under ERISA.

10. The Plan Administrator has delegated disability claims administration to the Claims Review Fiduciary.

11. The Employer and MetLife are fiduciaries pursuant to 29 U.S.C. § 1133(2) and 29 C.F.R. § 2560.503-1(g) and/or "deemed fiduciaries" pursuant to 29 U.S.C. § 1002(21)(A) and 29 C.F.R. § 2560.503-1(g)(2).

12. The Claims Review Fiduciary is responsible for conducting any ERISA mandated claim evaluation and final review rests with MetLife and with no other entity.

13. The Claims Review Fiduciary, upon information and belief, has made all decisions regarding Plaintiff's claim for disability benefits in this case.

14. Deloitte, LLP is fully responsible for the payment of all claims made under the Plan.

## HISTORY OF THE CLAIM

15. Plaintiff worked for the Employer until she became disabled.

16. At all times relevant the Plaintiff has met the Plan's definition of disability.

17. The Plan provides for lost income benefits.

18. Plaintiff timely gave notice of disability and applied for short-term disability benefits under the Plan.

19. MetLife found that Plaintiff met the policy's definition of "Disabled" and paid Deloitte, LLP accordingly paid her short-term disability benefits from February 2021 until March 18, 2021.

20. On March 26, 2021, the Claims Review Fiduciary issued an "Adverse Benefit Decision" on Plaintiff's claim for short-term disability benefits under the Plan, effective March 18, 2021.

21. Plaintiff timely filed an appeal of the adverse benefit decision on her short-term disability claim.

22. On June 14, 2021, Plaintiff recovered from her disability and returned to work at Deloitte, LLP. However, she remained eligible for short-term disability benefits from the period of March 19, 2021 to June 13, 2021 but was refused payment by MetLife and Deloitte, LLP.

23. MetLife affirmed its denial of Plaintiff's short-term disability benefits by way of a letter dated October 18, 2021.

24. The Plaintiff has exhausted the administrative remedies of the Plan.

25. The Defendant has violated the plain language of the Plan; 29 U.S.C. § 1133 (Claims procedure); and 29 U.S.C. § 1104 (fiduciary duties).

26. The Plaintiff is entitled to short-term disability benefits under the Plan, including past-due benefits; pre-judgment interest; post-judgment interest and attorney's fees pursuant to ERISA.

27. The Plaintiff is entitled to these benefits because the benefits are permitted under the policy issued by the Defendant; the Plaintiff has satisfied all conditions precedent to be eligible to receive the benefits and Plaintiff has not waived or otherwise relinquished the entitlement to the benefits.

## RELIEF SOUGHT

The Plaintiff requests that this Court enter an Order declaring the following:

1. No deference be granted to the decision of the Defendants to deny benefits.

2. That Plaintiff is entitled to past-due short-term disability benefits under the Plan.

3. That the Plaintiff is entitled to payment of pre- and post-judgment interest.

4. That the Plaintiff is entitled to payment of attorney's fees and costs.

Respectfully submitted,

*Constance Douris*
By Counsel

_____/s/_____

Benjamin W. Glass, III | VSB #23152
Benjamin W. Glass, III & Assoc., PC
3998 Fair Ridge Drive, #250
Fairfax, VA 22033
703-591-9829 phone | 703-783-0686 fax
Ben@BenGlassLaw.com
*Counsel for Plaintiff*